Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FILED ✓    LODGED ___
RECEIVED ___    COPY ___

DEC 2 9 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

_____ District of Arizona

Phoenix Division

|  |  |
|---|---|
| Meisam Sedighi<br>_____<br>Plaintiff(s)<br>*(Write the full name of each plaintiff who is filing this complaint.<br>If the names of all the plaintiffs cannot fit in the space above,<br>please write "see attached" in the space and attach an additional<br>page with the full list of names.)*<br>-v-<br><br><br>Affiliated Engineers Inc (AEI)<br>_____<br>Defendant(s)<br>*(Write the full name of each defendant who is being sued. If the<br>names of all the defendants cannot fit in the space above, please<br>write "see attached" in the space and attach an additional page<br>with the full list of names.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.    **CV25-04861-PHX-DWL**<br>_____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name      Meisam Sedighi

Street Address      2323 E Highland Ave Apt K107

City and County      Phoenix

State and Zip Code      AZ 85016

Telephone Number      352-870-8878

E-mail Address      meisam2256@Gmail.com

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name                          Steve Yanke

Job or Title *(if known)*     Principal

Street Address                4742 N 24th St Suite 100

City and County               Phoenix Maricopa

State and Zip Code            Arizona 85016

Telephone Number              602-429-5800

E-mail Address *(if known)*   syanke@aeieng.com

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.  Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Affiliated Engineers Inc (AEI) |
| Street Address | 4742 N 24th St Suite 100 |
| City and County | Phoenix Maricopa |
| State and Zip Code | Arizona 85016 |
| Telephone Number | 602-429-5800 |

## II.  Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒  Other federal law *(specify the federal law)*:

8 U.S.C. § 1324b

☒  Relevant state law *(specify, if known)*:

Arizona Revised Statue (A.R.S) § 23-1501

☐  Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

*September 26 2024*

C.    I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☒ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

*Immigration Status*

E.    The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*I have included 8 pages of lawsuit accompanied with 16 exhibits.*

(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

*June, 14/2025*

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☒   issued a Notice of Right to Sue letter, which I received on *(date)* *Sep /30/ 2025* .

(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

I was out of work for about 3 months after termination until I found a new job. Considering the salary of $137,500 annually, it is about $35,000 for 3 months. I also did not receive the bonus of $2,500 mentioned on the offer. I moved from Omaha to Phoenix for this job but moved back again to Omaha. The new job that I got in December was in Phoenix that made me move back to Phoenix again. Each move costed me about $5,000 which made it $15,000 in total. Adding these numbers is more than $50,000 but I am asking for $50,000.

**VI.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    Dec 25 2025

Signature of Plaintiff    _Sedighi_

Printed Name of Plaintiff    _Meisam Sedighi_

**B.    For Attorneys**

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

MEISAM SEDIGHI,

Plaintiff,

v.

AFFILIATED ENGINEERS, INC.,

Defendant.

Case No. _____

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND WRONGFUL TERMINATION

(Jury Trial Demanded)

## I. INTRODUCTION

This is an action for employment discrimination and wrongful termination brought by Plaintiff Meisam Sedighi against Defendant Affiliated Engineers, Inc. ("AEI") arising from the Company's termination of Plaintiff's employment on September 26, 2024, despite his valid work authorization under federal immigration law. Plaintiff seeks reinstatement, $50,000 in damages, and back pay and benefits, punitive damages where permitted by law, attorney's fees and costs and other remedies.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4) because this action arises under the laws of the United States, including Title VII of the Civil Rights

Act of 1964 and 8 U.S.C. § 1324b. Venue is proper in this District because the events occurred in Phoenix, Arizona.

## III. PARTIES

Plaintiff Meisam Sedighi is a lawful non-U.S. citizen residing in Phoenix, Arizona, who possessed valid CPT work authorization at all relevant times. Defendant Affiliated Engineers, Inc. is a Wisconsin corporation authorized to do business and maintaining an office in Phoenix Arizona, employing more than 1,000 employees throughout the United States.

## IV. FACTUAL ALLEGATIONS

Plaintiff began employment with AEI as a Senior Electrical Engineer. His performance was satisfactory. At the time of interview, plaintiff was under the assumption that his H-1B petition has been approved which will be starting Oct 01, 2024 and he also notified the defendant that in the meantime that H-1B kicks in, he will be authorized to work through the CPT from school, Westcliff University (Exhibit 1 & 3). Plaintiff at the time of interview and negotiations with the defendant did not possess his I-797 Approval Notice for his H-1B visa. The only document that he had was I-129 Receipt Notice (Exhibit 14) which was provided by his previous employer paralegal Sayra Espinoza (Exhibit 13).

The signed offer letter by both parties, seeks for employment authorization documents requested by USCIS on I-9 Form (Exhibit 2):

*"This offer is contingent on your presenting documents to support your authorization to work. Pursuant to the Immigration and Nationality Act, AEI is required to verify the identity and employment authorization of all new hires. In compliance with this legal obligation, we must complete an Employment Eligibility Verification Form I-9 within three days of hire. We have enclosed a Form I-9 and its acceptable document requirements for your review. Please note that you will need to provide either one document from "List A" or one document from "List B" and "List C" of the form (see*

*Page 2 of 8*

*page two of the enclosed I-9 Form). If you anticipate having difficulty completing the Form I-9 or producing the required documents, please contact me immediately"*

The plaintiff provided the requested documents, a combination of one selection from List B and one selection from List C which are (Exhibit 12, Page 2):

*LIST B: 2. ID card issued by federal, state or local government agencies or entities, provided it contains a photograph or information such as name, date of birth, sex, height, eye color, and address*

*LIST C: 7. Employment authorization document issued by the Department of Homeland Security For examples, see Section 7 and Section 13 of the M-264 on uscis.gov/i-9-central. The Form I-766, Employment Authorization Document, is a List A, Item Number 4. document, not a List C document*

The USCIS explicitly provides guidelines for Foreign Students in F-1 Nonimmigrant Status Participating in Curricular Practical Training (CPT) for the I-9 form (Exhibit 11, Page 1):

*A student participating in CPT may choose to present a List B and List C document instead of a List A document. For example, a state driver's license (List B document and, under List C #7, a Form I-94 indicating F-1 nonimmigrant status with a properly endorsed Form I-20.*

The offer letter is tied to the Form I-9 not the requested documents demanded in the email (Exhibit 5). The plaintiff provided the I-9 USICS requested documents under his driver's license, I-94 form, and endorsed I-20 for AEI employment (Exhibit 12, Page 2 & Exhibit 11, Page 1). Plaintiff was never informed that his documentation was invalid or insufficient and was not asked to correct any alleged deficiency in his CPT-based authorization. His endorsed i-20 show that he has approved petition request for H-1B withe the receipt number of IOE0926562688 (Exhibit 15, Page 2).

Plaintiff was not aware of the H-1B transfer process as the AEI attorneys were asking for the H-1B approval notice (Exhibit 4), he did not possess that. However,

*page 3 of 8*

plaintiff provided all the legal documents necessary for employment through the CPT requested on the offer letter by USCIS on I-9 form (Exhibit 2). Plaintiff's attempt to provide the previous company, Farris Engineering, attorney's information was not successful, as AEI's attorney were not able to retrieve the approval notice from them (Exhibit 4). At the same time, plaintiff also could not communicate with his past employer attorney as he did not receive any answer.

The portability provision is intended to preserve the legal status of an H-1B nonimmigrant who is already in the United States per department of labor guidelines. (Exhibit 16). Portability allows the employed H-1B worker to enter into employment with a new employer provided that:

*"The new employer has filed a nonfrivolous Petition for a Nonimmigrant Worker (Forms I-129/ I-129W) for the employment of the H-1B worker before the date of expiration of the worker's authorized period of stay; and*

*The new employer has submitted, along with its petition, an unexpired, approved Labor Condition application (LCA) covering the same work that the individual is being hired to perform. The new employer may already hold an applicable LCA, or may have sought and received a new LCA in order to submit the petition."*

This department of labor guidelines explicitly puts the burden of H-1B visa transfer, portability, on the new employer not on the employee.

The defendant, **Steve Yanki from the Phoenix Office,** called the plaintiff in the conference room on September 26, 2024, and told him you are terminated as you are not able to provide us with H-1B documents. Mr. Yanki's statement about the reason for termination was Plaintiff's **"inability to provide us with H-1B visa documents."** AEI's decision did not reference Plaintiff's CPT authorization, and AEI did not discuss or evaluate Plaintiff's valid CPT work authorization during the termination conversation. Plaintiff's attempts to discuss the situation with the defendant, Steve Yanki, was not successful as he was denying to meet and talk with Mr. Sedighi during and shortly after their meeting in the conference room.

Plaintiff tried to retrieve his approval notice once he got back to Omaha by visiting Farris Engineering attorney's office (Exhibit 6). He was provided the approval notice as an attachment to the email (Exhibit 7). However, shortly after that he received an email from Stephanie Wright that his H-1B request has been cancelled (Exhibits 8 & 9).

The IRCA § 1324b prohibits employers from Requesting **extra or specific I-9 documents**, rejecting valid documents, treating workers differently in the I-9 process. The decision of termination of plaintiff on September 26 is in direct violation of IRCA § 1324b. Upon information and belief, employees in the Phoenix office who were not on student-visa status or did not require immigration documentation to work were **not required** to provide additional documents beyond the standard I-9 process and were not subjected to termination on the basis of immigration documentation. Plaintiff was the only employee terminated for failure to produce H-1B documentation despite holding valid work authorization under CPT.

Plaintiff had no control over the H-1B visa transfer, and he did his best to provide the necessary document including approval notice to his AEI. However, his past employer did not want to involve with him anymore. Plaintiff possessed valid CPT work authorization on the date of termination and throughout his employment. Thus, the defendant decision about termination was not based on any actual legal authorization, but on a misunderstanding, assumption, or bias concerning immigration status.

Plaintiff has filed an EEOC charge for employment discrimination, which was dismissed without relief (Exhibit 10). Right not, plaintiff is seeking legal proceedings before his 90 days of right to sue expires. As a direct result of AEI's unlawful actions, plaintiff has suffered significant damages including lost wages and career interruption, emotional and professional harm, costs incurred in seeking legal remedies and future lost earning potential.

## V. CAUSES OF ACTION

**Count I & II**– Discrimination Based on National Origin (Title VII) and Discrimination in Violation of 42 U.S.C. § 1981

Plaintiff realleges the foregoing paragraphs. Plaintiff is a member of a protected class based on his **Iranian national origin**. Plaintiff was qualified for his position and performed his job satisfactorily. Plaintiff suffered an adverse employment action when he was terminated on September 26, 2024. Similarly situated employees outside Plaintiff's protected class were treated more favorably, including being permitted to complete the I-9 process without being required to produce additional immigration-specific documents and not being terminated on that basis. AEI's proffered reason of inability to produce H-1B documentation was pretextual and was based on bias relating to Plaintiff's national origin and immigration-related status. AEI's conduct violated Title VII, 42 U.S.C. § 2000e-2(a).

To create a prima facie case a plaintiff must show he is a member of a protected class, he is qualified for the job, he suffered an adverse employment action and similarly situated employees outside the protected class were treated more favorably. For this case, Plaintiff is Iranian origin while still on F-1 visa status. He is one of the most qualified people in the Phoenix office as he very positive feedback during his employment from his peers. Plaintiff's termination roots into his nationality and bias in decision making at the time of termination. It is believed that other people in the Phoenix office who were not Iranian origin, did not experience any adverse employment action including termination.

Plaintiff is entitled to compensatory damages, punitive damages where permitted, back pay, reinstatement or front pay, and attorney's fees and costs.

**Count III** — Discrimination Based on Immigration Status (8 U.S.C. § 1324b)

To create a prima facie case a plaintiff must show he is a member of a protected class, he is qualified for the job, he suffered an adverse employment action and similarly situated employees outside the protected class were treated more favorably. For this case, Mr. Sedighi is Iranian origin while still on F-1 visa status. He is one of the most qualified

people in the Phoenix office as he very positive feedback during his employment from his peers. Mr. Sedighi was terminated on September 26, 2024, in direct violation of 8 U.S.C. § 1324b which prohibits requesting **extra or specific I-9 documents,** rejecting valid documents and treating workers differently in the I-9 process. It is believed that other people in the Phoenix office who were not on visa did not experience any adverse employment action including termination.

Plaintiff is entitled to compensatory damages, punitive damages where permitted, back pay, reinstatement or front pay, and attorney's fees and costs.

**Count IV** — Wrongful Termination in Violation of Arizona Public Policy

Plaintiff realleges the foregoing paragraphs. Arizona public policy protects employees from termination for complying with federal law, including lawful participation in the I-9 employment-verification process and rejection of unlawful requests for additional or unnecessary documentation. Plaintiff complied with all lawful documentation requirements and possessed valid CPT employment authorization at the time of termination (Exhibit 15). AEI terminated Plaintiff for refusing to provide documentation beyond what federal law requires, in violation of Arizona public policy. Plaintiff is entitled to damages, reinstatement or front pay, and other appropriate relief.

## VI. PRAYER FOR RELIEF

Plaintiff requests judgment for:

A. Reinstatement;
B. Back pay and benefits;
C. $50,000 compensatory damages;
D. Punitive damages as permitted by law;
E. Interest, attorney's fees, and costs;
F. Other relief deemed just and proper.

## VII. JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,


/s/ Meisam Sedighi
Meisam Sedighi
2323 E Highland Ave
Phoenix, AZ 85016
Meisam2256@gmail.com
352-870-8878

Plaintiff Pro Se